# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

### No. ACM 39133

————————————

### UNITED STATES
*Appellee*

v.

### Alix N. THORNE
Airman Basic (E-1), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 1 November 2017

————————————

*Military Judge:* Andrew Kalavanos.

*Approved sentence:* Bad-conduct discharge and confinement for 14 months. Sentence adjudged 1 April 2016 by GCM convened at Joint Base Langley-Eustis, Virginia.

*For Appellant:* Major Mark C. Bruegger, USAF; Major Jarett F. Merk, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Amanda L.K. Linares, USAF; Major Mary Ellen Payne, USAF; Gerald R. Bruce, Esquire.

Before HARDING, SPERANZA, and HUYGEN, *Appellate Military Judges.*

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

PER CURIAM:

   After the convening authority took final action, 33 days elapsed before this case was docketed with this court. Although Appellant has not raised the issue of post-trial delay on appeal, the time between final action by the convening authority and docketing with this court exceeded 30 days and is presumptively unreasonable. *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006). Consequently, we are required to conduct a due process review of this post-trial

delay. *Id.* Accordingly, we considered the four factors set forth in *Barker v. Wingo*, 407 U.S. 514, 530 (1972), and whether the delay is so egregious as to "adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). Appellant claims no legally cognizable prejudice from the delay and we find none. Given the minimal delay, we find no adverse effect on the public's perception of the fairness and integrity of the military justice system. Therefore, we find no due process violation.

We nonetheless considered whether relief under Article 66(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(c), and pursuant to *Tardif* is appropriate. *United States v. Tardif*, 57 M.J. 219, 224 (C.A.A.F. 2002). In doing so, we were guided by factors enumerated in *United States v. Gay*, 74 M.J. 736, 744 (A.F. Ct. Crim. App. 2015), *aff'd*, 75 M.J. 264 (C.A.A.F. 2016), with no single factor being dispositive.[*] We remain mindful of our superior court's admonition that "delay in the administrative handling and forwarding of the record of trial and related documents to an appellate court is the least defensible of all [post-trial delays] and worthy of the least patience." *United States v. Dunbar*, 31 M.J. 70, 73 (C.M.A. 1990) (internal hyphens omitted). After considering the entirety of the post-trial processing, we conclude no exercise of Article 66(c) relief is warranted here.

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

KATHLEEN M. POTTER
Acting Clerk of the Court

---

[*] These factors include: (1) How long the delay exceeded the standards set forth in *Moreno*; (2) what reasons, if any, the Government set forth for the delay and whether there is any evidence of bad faith or gross indifference to the overall post-trial processing of this case; (3) whether there is nonetheless evidence of harm (either to the appellant or institutionally) caused by the delay; (4) whether the delay has lessened the disciplinary effect of any particular aspect of the sentence and whether relief is consistent with the dual goals of justice and good order and discipline; (5) whether there is any evidence of institutional neglect concerning timely post-trial processing, either across the service or at a particular installation; and (6) whether, given the passage of time, this court can provide meaningful relief in this particular situation. *Gay*, 74 M.J. at 744, *aff'd*, 75 M.J. 264 (C.A.A.F. 2016).